## CHARLES TAYLOR *v.* WARDEN, MARYLAND PENITENTIARY

[App. No. 13, September Term, 1974.]

*Decided April 17, 1974.*

Before ORTH, C. J., and THOMPSON and MOYLAN, JJ.

ORTH, C. J., delivered the opinion of the Court.

On 24 August 1971 in the Circuit Court for Charles County [1] CHARLES TAYLOR pleaded guilty to murder in the second degree and robbery with a deadly weapon. After inquiry by the court concerning the voluntariness of his pleas, they were accepted and verdicts of guilty in

---

1. Charles Taylor was jointly indicted with Jimmy Lee Coffield and Bernie Taylor by the Grand Jury for Prince George's County. Upon suggestion of removal by Charles Taylor and order entered on 26 April 1971 his case was sent to the Circuit Court for Charles County for trial, the record being transmitted on 3 May 1971. The record transmitted to us does not contain the docket entries pertaining to Taylor's case in the Circuit Court for Charles County with respect to the substantive offenses, but it does include transcripts of the proceedings at both the guilt stage and penalty stage of the trial in that court.

accordance with the pleas were entered. On 30 September Taylor was sentenced to 30 years on the murder conviction and to a consecutive sentence of 20 years on the robbery conviction.

On 6 July 1972 Taylor filed a document addressed to the Chief Judge of the Seventh Judicial Circuit, which was deemed to be a petition for relief under post conviction proceedings. It was filed in the Circuit Court for Prince George's County. On 10 December 1973 a "Supplement to Petition for Post Conviction Proceeding", signed by Taylor and his attorney, was filed in that court and was answered by the State's Attorney for Prince George's County. The petition was heard in the Circuit Court for Prince George's County on 14 February 1974, and by order of that court entered on 5 March 1974, relief prayed was denied.[2] Taylor seeks leave to appeal from that order.

Maryland Rule BK 40 provides: "A proceeding under the Uniform Post Conviction Procedure Act shall be commenced by the filing of a verified petition *in a court having criminal jurisdiction in the county where the conviction took place.*" (emphasis added) See Code, Art. 27, § 645 A (a) as amended by Acts 1972, ch. 181, § 28, effective 1 July 1972. Rule BK 44 provides: "A hearing on the petition shall be held in the court in which the petition is properly filed."

The petition and supplemental petition here should have been filed in the Circuit Court for Charles County as the court having criminal jurisdiction in the county where the conviction took place, and the hearing thereon should have been held in that court. The Circuit Court for Prince George's County had no jurisdiction to hear the petition. Therefore, its order of 5 March 1974 is null and void, and there is nothing before this Court to review.

*Application for leave to appeal dismissed.*

---

**2.** At the hearing, the only ground relied on by Taylor was the one presented in the Supplemental Petition of 10 December 1973, namely, that the pleas of guilty were not effectively accepted because Taylor had not been informed properly concerning his eligibility for parole. All other grounds as set out in the original petition were expressly abandoned.